IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY THEODORE KRALOVETZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MARIAN E. SPEARMAN; P. COX; LT. NARANJA,<br><br>        Defendants<br>                                                            / | No. C 16-0299 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the case is **DISMISSED**.

### ANALYSIS

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendants received a note stating that plaintiff had been in a sexual altercation with his cellmate. Defendants placed him in a holding cell naked for three hours while they investigated the allegation, including questioning him and his cellmate. When his cellmate denied the allegation, defendants returned plaintiff to his ordinary housing without disciplining him or his cellmate. Defendants memorialized the allegation and investigation in a "chrono" on Form 128, which was placed in plaintiff's central file. Plaintiff seeks to have this chrono removed from his file because he alleges that it may impair his eligibility for parole in the future.

Plaintiff's allegations — even when assumed true and liberally construed in his favor — do not state a cognizable claim for relief under Section 1983 because they do not amount to a violation of federal law. Deprivations that are authorized by state law may amount to a

2

deprivation of a procedurally protected liberty interest, provided that, among other things, the deprivation imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence." *Sandin v. Conner*, 515 U.S. 477-87 (1995). The possibility that the chrono may affect his eligibility for parole in the future is too attenuated to "inevitably" affect the duration of his confinement under *Sandin*. *See, e.g., Burnsworth v. Gunderson*, 179 F.3d 771, 774 n.3 (9th Cir. 1999) (possibility that prisoner having escape conviction on record may result in denial of parole eligibility at some later date too attenuated to amount to denial of liberty interest under *Sandin*).

Nor was the plaintiff's placement in a holding cell was severe enough to amount to "atypical and significant" under *Sandin*. This determination requires consideration of: "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff's placement in the cell while he was questioned about the alleged sexual altercation is not atypical for prisoners, and although he was not allowed clothing, that would mirror conditions of a strip search when officials suspect a prisoner of violating prison rules against possession of weapons or other contraband. it was for a very limited amount of time of three hours. Plaintiff indicates that he was released from the holding cell when his cellmate denied the altercation. Plaintiff's relatively brief placement in the holding cell without clothing is not sufficiently severe to be "atypical and significant" under the standard set forth in *Sandin*. *See, e.g., Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (classification for California Level IV prison rather than Level III prison not shown to be an atypical and significant hardship); *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (under *Sandin* no liberty interest when inmate placed in disciplinary segregation for 14 days). As a result, the chrono and holding cell placement was not a deprivation of real substance under *Sandin* so as to implicate a state-created liberty interest protected by due process. Accordingly, plaintiff's claims will be dismissed for failure to state a cognizable basis

3

for relief under Section 1983.

Leave to amend would be futile because it is clear from plaintiff's allegations that he was placed in the holding cell for three hours and that a chrono was placed in his file that he cannot prove any set of facts in support of his claim that would state a violation of his constitutional rights or other federal law. *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007) (a pro se complaint may be dismissed for failure to state a claim "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## CONCLUSION

For the reasons set out above, this action is **DISMISSED**. The clerk shall close the file and enter judgment.

IT IS SO ORDERED.

Dated: February 1, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4